

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0262-20 & PD-0263-20

### ANDREW JAMES TURLEY, Appellant

### v.

### THE STATE OF TEXAS

### ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

*Per curiam*. NEWELL, J., filed a concurring opinion in which WALKER, J., joined. YEARY, J., filed a dissenting opinion. KELLER, P.J., dissented.

## O P I N I O N

In 2018, a jury convicted Andrew James Turley, Appellant, of one count of compelling prostitution of a child under 18, and one count of trafficking a child based on the commission of compelling prostitution. *See* TEX. PENAL CODE §§ 43.05(a)(2)

(compelling prostitution), 20A.02(a)(7)(H) (trafficking) (2015 versions).[1] The Fourteenth Court of Appeals reversed the convictions, finding the evidence legally insufficient. The court of appeals determined that, as a matter of law, the four-year-old victim was incapable of committing the underlying offense of prostitution because she lacked the mental capacity to form the requisite *mens rea* for that offense—knowingly. *See id.* § 43.02(a)(1) (2015 prostitution statute). In a prosecution for compelling prostitution or for trafficking based on compelling prostitution, the victim's commission of prostitution is an essential element of the offense. *See id.* § 43.05(a)(2). Because there was no evidence in this case to show that the young victim had *knowingly* engaged in prostitution, the court of appeals held that it had no choice but to reverse Appellant's convictions and render judgments of acquittal.

We agree with the court of appeals that the evidence was legally insufficient to support Appellant's convictions, but we reach that conclusion under a distinct rationale. The record before us shows that the child victim had been drugged and was asleep prior to the planned sexual encounter. Further, because this was a law-enforcement sting operation, no sexual conduct actually occurred. Thus, regardless of the victim's mental state, the record fails to show any conduct by the victim that could logically give rise to a finding that she committed prostitution under the applicable statutory definition of that offense—

---

[1] The indictment alleged that Appellant committed this conduct in November 2015. The Legislature has amended some of the pertinent statutory language for the applicable statutes since 2015. We address the applicable statutory language based on the date of Appellant's conduct in our analysis below. All citations are to the 2015 versions of the statutes.

that is, that she "offer[ed] to engage, agree[d] to engage, or engage[d] in sexual conduct" in return for receipt of a fee. *See id.* § 43.02(a)(1). Accordingly, viewing the evidence in the light most favorable to the verdict, we hold that the evidence is legally insufficient to support Appellant's convictions for compelling prostitution and trafficking. Nevertheless, because the evidence clearly supports finding that Appellant had the specific intent to commit the charged offenses and did acts amounting to more than mere preparation that tended but failed to effect commission of the offenses, we will reform his convictions to attempted compelling prostitution and attempted trafficking of a child. *See id.* §§ 15.01(a), 43.05(a)(2), 20A.02(a)(7)(H). We, therefore, reverse the judgment of the court of appeals, reform Appellant's judgments accordingly, and remand this case to the trial court for a new punishment hearing.

## I.    Background

In November 2015, Appellant posted an advertisement on Craigslist entitled "Play with Daddy's Little Girl." Detective David Patterson, who was working undercover with the Houston Police Department's Vice Division, found the advertisement and began communicating with Appellant as "Jay Cannon." Through an exchange of text messages and emails, Appellant sent Detective Patterson pictures of a young girl, whom law enforcement later identified as Appellant's four-year-old daughter, S.E.B. Appellant proposed that "Jay" meet up with S.E.B. for a sexual encounter. The two agreed upon a fee of $1,000 for two hours of time with S.E.B., with the understanding that "Jay" could do "everything" with S.E.B. except for vaginal penetration. Then, without the knowledge of

S.E.B.'s mother, Appellant arranged for "Jay" to meet him and S.E.B. at the mother's apartment.

On the day of the planned encounter, Appellant drugged S.E.B. with a sleep aid. When Detective Patterson arrived at the apartment, he showed Appellant the $1,000 payment, and Appellant escorted him into S.E.B.'s bedroom, where she was sleeping. Appellant removed S.E.B.'s blanket, revealing that she was wearing nothing except for a pajama top. Detective Patterson touched S.E.B.'s forehead, and she began to wake up, which Detective Patterson used as an excuse to leave the room. Detective Patterson then gave a signal, prompting surveilling officers to arrest Appellant.

The State charged Appellant with compelling prostitution of a child younger than 18 years of age and trafficking a child younger than 18 years of age based on the underlying offense of compelling prostitution. *See* TEX. PENAL CODE §§ 43.05(a)(2); 20A.02(a)(7)(H). A jury convicted Appellant of both charges. For each charge, Appellant received a sentence of 30 years' imprisonment and a $10,000 fine. The trial court ordered the sentences to be served consecutively.

On direct appeal, Appellant challenged the sufficiency of the evidence to support both convictions. He observed that both charges would require a finding that the four-year-old victim, S.E.B., "committed prostitution." *See id.* Relying on the Texas Supreme Court's decision in *In re B.W.*, Appellant argued that children under the age of fourteen, as a matter of law, cannot commit the offense of prostitution. *See* 313 S.W.3d 818, 826 (Tex. 2010) (holding, on appeal from a finding of delinquent conduct for prostitution, that because minors under the age of fourteen "lack the capacity to consent to sex as a matter of law,"

they "may not be charged" with prostitution). In the alternative, Appellant argued that, even if a four-year-old could theoretically commit prostitution, there was no evidence to support that S.E.B. knowingly committed any act amounting to prostitution here.

The court of appeals agreed with Appellant's position and reversed his convictions. *Turley v. State*, 597 S.W.3d 30, 36 (Tex. App.—Houston [14th Dist.] 2020, pet. granted). The court reasoned that the statutory language in the compelling prostitution statute was "plain and unambiguous" in requiring proof that another person (in this case, S.E.B.) "was caused to commit the offense of prostitution," as that offense is defined under Penal Code Section 43.02. *Id.* at 38, 42. The applicable version of Section 43.02 in effect in 2015, in turn, would require proof under these facts that, "'in return for receipt of a fee,'" the child "'knowingly . . . offer[ed] to engage, agree[d] to engage, or engage[d] in sexual conduct,'" or "solicit[ed] another in a public place to engage with the actor in sexual conduct for hire." *Id.* at 43 (citing 2015 prostitution statute). Relying on *B.W.*, the court of appeals then concluded that "S.E.B. could not have committed prostitution because she lacked the mental capacity to consent to sexual conduct as a matter of law." *Id.* (stating that "children younger than 14 lack 'the legal capacity to consent, which is necessary to find that a person knowingly agreed to engage in sexual conduct for a fee'") (quoting *B.W.*, 313 S.W.3d at 822, 824). The court of appeals further reasoned that, even assuming, *arguendo*, that a four-year-old could knowingly engage in conduct constituting prostitution, the evidence here would fail to meet that standard because S.E.B. had been drugged and was asleep at the time of the planned encounter. *Id.* at 45. Thus, "[t]he only evidence at trial was that S.E.B. did not possess a knowing culpable mental state." *Id.*

Chief Justice Frost concurred. *Id.* at 47. She urged that, regardless of the victim's age or culpable mental state, the evidence was legally insufficient because it failed to establish any acts by the victim that could amount to prostitution under the applicable statutory definition of that offense. *Id.* at 48-49 (observing that there was no evidence to show "(1) that in return for receipt of a fee, the complainant offered to engage, agreed to engage, or engaged in sexual conduct; or (2) that the complainant solicited another in a public place to engage with the complainant in sexual conduct for hire."). Thus, "[b]ecause Prostitution Conduct is an essential element of the compelling-prostitution offense, this court must hold the evidence legally insufficient[.]" *Id.* at 49. Chief Justice Frost criticized the majority for "go[ing] places the court need not and should not tread" by resolving the case under *B.W.*'s matter-of-law holding based on the victim's age, rather than simply addressing the facts in the record and holding that they failed to establish the victim's commission of any acts constituting prostitution. *Id.* at 49, 53.

This Court granted the State's petition for discretionary review on two grounds to review the court of appeals' holding that the evidence was insufficient under these circumstances.[2]

## II. Discussion

---

[2] The State's grounds for review ask:

"1. Did the court of appeals err when it held as a matter of law that selling sexual contact with a four-year-old child could never constitute compelled prostitution?"

"2. Must a child knowingly engage in an act of prostitution for the person who sold sex with her to be guilty of compelling prostitution?"

We agree with Chief Justice Frost's position in so much as the central sufficiency question in this case can be resolved through a more straightforward analysis than that undertaken by the court of appeals' majority opinion. Regardless of the victim's age or culpable mental state, there is simply no evidence in this record to show that the victim engaged in any act amounting to prostitution under the applicable statutory definition for that offense. Thus, for purposes of Appellant's convictions for compelling prostitution and trafficking based on compelling prostitution, we conclude that the jury could not have rationally found that he caused the victim to commit prostitution. Accordingly, the evidence is insufficient to support Appellant's convictions for the charged offenses. However, because the evidence is clearly sufficient to support convictions for attempted compelling prostitution and attempted trafficking based on the underlying offense of compelling prostitution, we reform the judgments of conviction accordingly.

### A.      Sufficiency of the Evidence

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014). We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to the elements of the offense as defined by the hypothetically correct jury charge. *Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018). The hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not

unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019).

### 1. Compelling Prostitution

Under the version of the compelling prostitution statute in effect at the time of Appellant's conduct, a person commits an offense if he: "knowingly . . . causes by any means a child younger than 18 years to commit prostitution, regardless of whether the actor knows the age of the child at the time the actor commits the offense." TEX. PENAL CODE § 43.05(a)(2) (2015 version).[3] The term "prostitution" is statutorily defined for purposes of Penal Code Chapter 43 as "the offense defined in Section 43.02,"[4] which in turn provides:

> A person commits an offense if, in return for receipt of a fee, the person knowingly: (1) offers to engage, agrees to engage, or engages in sexual conduct; or (2) solicits another in a public place to engage with the actor in sexual conduct for hire.

*Id.* § 43.02(a)(1), (2)[5, 6]

Applying the foregoing statutory elements to this case, the hypothetically correct jury charge here would include the following elements: (1) Appellant; (2) knowingly; (3) caused by any means; (4) S.E.B. (a child younger than 18); (5) to commit prostitution. *See* TEX. PENAL CODE § 43.05(a)(2).

---

[3] Acts 2015, 84th Leg., R.S., ch. 1273 (S.B. 825), eff. Sept. 1, 2015.
[4] *See* TEX. PENAL CODE § 43.01(2).
[5] Acts 2015, 84th Leg., R.S., ch. 1273 (S.B. 825), eff. Sept. 1, 2015.
[6] Subsection (b) of the statute prohibited a person from soliciting another to engage in sexual conduct in exchange for a fee paid by the actor. *See* TEX. PENAL CODE § 43.02(b) (2015 version). Because it prohibits the conduct of the person seeking to purchase sexual services, rather than the conduct of the person providing those services, that provision is not at issue based on the facts of this case.

The court of appeals' majority opinion reasoned that, to establish the element of "committing prostitution" here, the evidence would have to show that S.E.B. *knowingly* offered to engage, agreed to engage, or engaged in sexual conduct in return for a fee, or solicited another in a public place to engage in sexual conduct for hire. *Id.* § 43.02(a)(1), (2). But we agree with Chief Justice Frost that, regardless of S.E.B.'s mental state, there is no evidence to show that she actually committed any of the requisite *acts* to establish the commission of prostitution. It is undisputed that S.E.B. was drugged and asleep in the moments leading up to the planned encounter. There is no evidence showing that S.E.B., at any time, "offer[ed]" or "agree[d]" to engage in sexual conduct for a fee, or that she "solicit[ed]" another to engage in sexual conduct for hire—indeed, all the evidence suggests that she was entirely unaware of the arrangement. Further, because this was a law-enforcement sting operation, no sexual conduct ultimately occurred. As a result, even viewing the evidence in the light most favorable to the verdict, no rational juror could have reasonably found that Appellant caused S.E.B. to "commit prostitution" under the statutory elements set forth above. Consequently, the evidence is insufficient to support Appellant's conviction for compelling prostitution of a child.

### 2. Trafficking

The trafficking statute provides, in relevant part, that it is an offense for a person to knowingly "traffic[ ] a child and by any means cause[ ] the trafficked child to engage in, or become the victim of, conduct prohibited by: . . . Section 43.05 (Compelling

Prostitution." TEX. PENAL CODE § 20A.02(a)(7)(H).[7] The hypothetically correct jury charge as applied to this offense would include the following elements: (1) Appellant; (2) knowingly; (3) trafficked S.E.B.; and (4) by any means caused her to become the victim of conduct prohibited by Penal Code Section 43.05 (compelling prostitution). *See id*. Because no completed offense of compelling prostitution occurred here, S.E.B. cannot be a "victim" of conduct prohibited by that statute. Accordingly, under our holding above that the evidence is insufficient to support Appellant's conviction for compelling prostitution, this necessarily means the evidence is also insufficient to support his conviction for trafficking based on the predicate offense of compelling prostitution.

### B. Reformation

Although Appellant did not commit the offenses for which he was convicted, that does not end our analysis here. If after finding the evidence insufficient to support a greater-inclusive offense the record clearly supports a conviction for an uncharged lesser-included offense, we are authorized, "indeed required," to avoid the "unjust" result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense. *See Thornton v. State*, 425 S.W.3d 289, 300 (Tex. Crim. App. 2014). Attempt is by definition a lesser-included offense of both of the charged offenses here. *See* TEX. CODE CRIM. PROC. ART. 37.09(4). A person commits an attempt if, "with the specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE § 15.01(a).

---

[7] "Traffic" is statutorily defined as "to transport, entice, recruit, harbor, provide, or otherwise obtain another person by any means." TEX. PENAL CODE § 20A.01(4).

Viewing the evidence in the light most favorable to the verdict, the record clearly establishes that Appellant intended to cause S.E.B. to commit prostitution by causing her to engage in sexual conduct in return for the $1,000 payment. *See* TEX. PENAL CODE §§ 43.02(a)(1); 43.05(a)(2). It cannot rationally be disputed that Appellant took steps amounting to more than mere preparation to achieve that goal—he arranged a time and place for the encounter, brought S.E.B. to that place at the planned time, drugged her, and brought "Jay" into the room where S.E.B. was sleeping. It was only because this was a sting operation that no sexual conduct ultimately occurred.

The only remaining question is whether, to support Appellant's conviction for attempt under these circumstances, he must also have intended that S.E.B. harbor the applicable culpable mental state for the prostitution statute, *knowingly*. We conclude that the answer to this question is 'no.' We have observed that the "specific intent" element of the attempt statute focuses on the actor's purpose in bringing about the desired result. *See Flanagan v. State*, 675 S.W.2d 734, 741 (Tex. Crim. App. 1984) (op. on reh'g) ("The element 'with specific intent to commit an offense' has traditionally been interpreted to mean that the actor must have the intent to bring about the desired result[.]"). The desired result at issue here is causing S.E.B. to engage in sexual conduct in exchange for a fee. Her culpability under the prostitution statute is immaterial to that result.

Further, we take note of the structure of the compelling prostitution statute, in that it focuses on Appellant's conduct in causing another person to commit prostitution. *See* TEX. PENAL CODE § 43.05(a)(2) ("A person commits an offense if the person knowingly: . . . causes by any means a child younger than 18 years to commit prostitution[.]"). In this

sense, the statute bears some similarities to Penal Code Section 7.02(a)(1), which focuses on an actor's responsibility for "*an offense* committed by the conduct of another" if he acts with the kind of culpability required for the offense and "causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense." *Id.* § 7.02(a)(1) (emphasis added). This provision plainly recognizes that an actor may cause an innocent person to engage in conduct that constitutes "an offense," even if the innocent person lacks the requisite culpable mental state for the offense. Instead, that culpable mental state can be supplied by the person "causing" the other to engage in the conduct. Whatever implications this principle may have for the greater offenses charged in this case, for purposes of evaluating Appellant's guilt for attempt here, it is enough to say that he specifically intended for S.E.B. to engage in the conduct prohibited by the prostitution statute, regardless of whether he intended that she do so knowingly.

Given the circumstances, we conclude that the evidence is sufficient to support Appellant's convictions for the lesser-included offenses of attempted compelling prostitution and attempted trafficking based on the predicate offense of compelling prostitution, both of which are second-degree felony offenses. *See* TEX. PENAL CODE § 15.01(d) (providing that an attempt offense is one category lower than the offense attempted). We reform the judgments of conviction accordingly.

## III. Conclusion

For the foregoing reasons, we hold that the evidence is insufficient to support Appellant's convictions for the charged offenses of compelling prostitution and trafficking. The record contains no evidence that S.E.B. committed an act of prostitution, as would be

required to uphold Appellant's convictions for those offenses. However, because the record clearly supports a finding of guilt for the lesser-included offenses of attempted compelling prostitution and attempted trafficking, we reform the judgments to reflect convictions for the lesser-included offenses. We reverse the judgment of the court of appeals and remand this case to the trial court for a new punishment hearing.

Delivered: June 26, 2024

Publish